**UNITED STATES of America,**
**Appellee,**

v.

**Dennis Lee KIRK and Carlis Lee Kirk, Jr., Appellants.**

**No. 9153.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 4, 1963.

Decided Nov. 6, 1963.

John A. Amick, Charleston, W. Va., for appellants.

Harry G. Camper, Jr., U. S. Atty. (Percy H. Brown, Asst. U. S. Atty., on brief), for appellee.

Before BELL, Circuit Judge, and BUTZNER, District Judge.

PER CURIAM.

Dennis Lee Kirk, convicted of unlawfully selling distilled spirits, and Carlis Lee Kirk, Jr., convicted of unlawfully possessing distilled spirits, appealed on the ground that they were entrapped into committing the crime. We hold that their conviction should be affirmed.

The defense asserted during the trial of the case was that a co-defendant possessed and sold the spirits and that the defendants were innocent bystanders. At no time prior to sentencing did the defendants raise the question of entrapment. Without objection the Court charged the jury that the defense of entrapment was not available to the defendants.

After the defendants were sentenced they raised the issue of entrapment by motions for judgment of acquittal, a new trial and in arrest of judgment. The District Court overruled these motions. Their present counsel was retained after the defendants were sentenced.

Rule 52(b) of the Federal Rules of Criminal Procedure providing that "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court" affords the defendants no help. The evidence shows they were not entrapped.

It is clear that the defendants were not innocent persons. They had a previous disposition to commit the crime for which each was indicted. Their brief reluctance to deal with the agents related to the price of the whiskey and the identity of the buyers. No innocence of the defendants impeded the transaction.

**494**

Under these circumstances the fact that the Government agents purchased liquor from the defendants and permitted the defendants to use the agents' car to transport the liquor in order to effect the sale is insufficient to show entrapment. It is the predisposition of the defendants that distinguishes this case from Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

Judgment of conviction is affirmed.

Affirmed.